UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                 Case No. 21-CR-0005-BHL

D-1: JOHN D. WHELAN,

    Defendant.

---

### DEFENDANT JOHN D WHELAN'S MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41(G) OR IN THE ALTERNATIVE FOR A HEARING PURSUANT TO *LUIS V. UNITED STATES*

 NOW COMES Defendant, JOHN D WHELAN, by and through his undersigned counsel, and respectfully moves this Honorable Court GRANT his motion and enter an order returning assets pursuant to Fed. R. Crim. P. 41(g), together with any other relief deemed necessary, for the reasons set forth in the attached Brief in Support. Alternatively, if the Court determines that the assets were lawfully seized, Defendant requests the Court set a hearing to determine the traceability of the seized assets, pursuant to *Luis v. United States*, 578 U.S. 5 (2016).

              Respectfully Submitted,
              CHAPMAN LAW GROUP

Dated: April 20, 2022      /s/ *Ronald W. Chapman II, LL.M.*
              Ronald W. Chapman II, LL.M. (MI Bar No. P73179)
              *Counsel for Defendant John D Whelan*
              1441 W. Long Lake Rd., Ste. 310
              Troy, MI 48098
              T: (248) 644-6326/F: (248) 644-6324
              RWChapman@ChapmanLawGroup.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 21-CR-0005-BHL

D-1: JOHN D. WHELAN,

        Defendant.

---

**DEFENDANT JOHN D WHELAN'S BRIEF IN SUPPORT OF HIS MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41(G) OR IN THE ALTERNATIVE FOR A HEARING PURSUANT TO *LUIS V. UNITED STATES***

## INTRODUCTION AND BACKGROUND

On January 5, 2021, Defendant Dr. John Whelan (hereinafter "Dr. Whelan") and Defendant Tina Montezon were charged in a 15-count indictment. Dr. Whelan was indicted for conspiracy to distribute controlled substances (Count 1), maintaining a drug-involved premise (Count 2), 11 counts of distribution of controlled substances (Counts 3-13), and for a false statement or representation made to a department or agency of the United States (Count 14). The Government's allegations relate to Dr. Whelan's treatment of patients struggling with addiction, and in particular, the dispensing of Subutex and Suboxone, to patients with addictions to opioids, as well as prescribing Adderall and Methylphenidate.

Dr. Whelan only operated in this practice for approximately two (2) years from January 2018 through December 2020, seeing patients once per week, on Saturdays, for four (4) hours. The Government alleged that Dr. Whelan charged between Two Hundred Dollars ($200.00) and Three Hundred Dollars ($300.00) per visit and it has seized assets totaling One Hundred Thirty-Two Thousand Three Hundred Thirty-Eight Dollars and Forty-Two Cents ($132,338.42), as well as two

(2) vehicles estimated at Thirty-Five Thousand One Hundred Dollars ($35,100.00) in value.[1] The Government has not traced the seized assets as proceeds of unlawful activity – assuming instead that every dollar in Dr. Whelan's possession was subject to seizure.

In December 2020 and January 2021, the Drug Enforcement Administration issued notices of seizures to Dr. Whelan and effectively drained all of his accounts with his financial institutions. (Exhibit A; Notice of Seizure). The stated legal authority for the seizure was 21 U.S.C. § 881, 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983, and 28 C.F.R. Parts 8 and 9. To that end, 21 U.S.C. § 881 permits seizure of money furnished by any person in exchange for controlled substances in violation of 21 C.F.R. § 801 et. seq. Notably, it does not permit the pretrial seizure of untainted assets.

Dr. Whelan was indicted in January of 2021 and the indictment includes a forfeiture notice pursuant to 21 U.S.C. § 853(e), seeking forfeiture of specified assets and substitute assets pursuant to 21 U.S.C. § 853(p).

The chart below shows the specific unlawful distributions alleged in the indictment:

---

[1] To that end, Dr. Whelan was left with one vehicle, a 2003 Audi Sedan with approximately one hundred eight thousand (180,000) miles, that has since become inoperable, leaving Dr. Whelan without transportation.

3
Case 2:21-cr-00005-BHL    Filed 04/20/22    Page 3 of 8    Document 47

| Count | Date | Patient | Prescription Drug(s) | Defendant(s) |
|---|---|---|---|---|
| Three | December 2, 2018 | J.K. | 180 tablets Subutex 2mg | John Whelan |
| Four | December 29, 2018 | J.K. | 180 tablets Subutex 2mg | John Whelan |
| Five | January 26, 2019 | J.K. | 180 tablets Subutex 2mg | John Whelan |
| Six | March 2, 2019 | J.K. | 180 tablets Subutex 2mg | John Whelan |
| Seven | July 25, 2020 | J.K | 90 tablets Subutex 8mg | John Whelan, Tina Montezon |
| Eight | August 22, 2020 | J.K. | 90 tablets Subutex 8mg | John Whelan, Tina Montezon |
| Nine | August 22, 2020 | J.M. | 90 Films Suboxone 8mg/2mg; 90 tablets Adderall 30mg | John Whelan, Tina Montezon |
| Ten | September 19, 2020 | J.K. | 90 Films Suboxone 8mg/2mg; 40 tablets Methylphenidate 20 mg | John Whelan, Tina Montezon |
| Eleven | September 19, 2020 | J.M. | 90 Films Suboxone 8mg/2mg; 90 tablets Adderall 30mg | John Whelan, Tina Montezon |
| Twelve | October 17, 2020 | J.K. | 90 Films Suboxone 8mg/2mg; 60 tablets Methylphenidate 20 mg | John Whelan, Tina Montezon |

As a result of the seizure, Dr. Whelan is now destitute and lacks financial resources to conduct a defense investigation, afford adequate counsel, and ensure a fair contest of the facts guaranteed by the Sixth Amendment.

**ARGUMENT**

**I.      The Standard for Unlawful Prescribing**

Before determining that property is subject to pretrial restraint pursuant to 21 U.S.C. § 853(e), the Government must establish that the property was the proceeds of an unlawful drug transaction. Here, we are not dealing with a schedule 1 controlled substance, such as cocaine, where the distribution of such a substance (outside of very narrow exceptions) is certainly a crime. To prove that a physician unlawfully distributed controlled substances, the Government must prove much more than substandard practice. It must prove that Dr. Whelan prescribed "outside the usual course of professional practice for no legitimate medical purpose". 21 C.F.R. § 1306.04; see

also, *United States v. Moore*, 123 U.S. 122 (1975). The Seventh Circuit has interpreted this to mean that the physician must not merely have intended to distribute drugs but intended to act as a "drug pusher" rather than a physician. *United States v. Kholi*, 873 F.3d 483 (7th Cir. 2017). This is a more stringent standard than negligence or even intentional malpractice. This matter becomes more complex when we interpret these regulations as applied to a physician that prescribes medication for the treatment of drug addiction. In each count of the indictment, Dr. Whelan prescribed Subutex or Suboxone – both of which are drugs FDA approved for use on patients that are diagnosed with drug addiction. It is simply hard to reconcile the Government's claims of "drug pushing" a drug used to treat patients suffering from addiction. A "medical purpose" for the medication is established merely by the fact that a patient suffers from a drug addiction. According to the Substance Abuse and Mental Health Services Administration (SAMHSA), Buprenorphine is a medication used to treat patients who suffer from opioid use disorder.[2]

In sum, the Government has elected to seize assets and render Dr. Whelan destitute and unable to continue to afford chosen counsel due to allegations that he unlawfully engaged in "drug pushing" by prescribing drugs that the FDA has approved for patients suffering from addiction to patients suffering from addiction.

### II. The Government's Conduct is Contrary to Supreme Court Precedent Set in *Luis v. United States* and the text of 21 U.S.C. 853(e).

While § 853(e) provides that the Government may restrain property prior to the filing of an indictment, the text of 21 U.S.C. § 853(e) does not authorize pretrial restraint of "untainted assets." In particular, "the overwhelming majority of courts to consider the question have held that

---

[2] Substance Abuse and Mental Health Services Administration (SAMHSA) Website Available at: https://www.samhsa.gov/medication-assisted-treatment/medications-counseling-related-conditions/buprenorphine#:~:text=What%20is%20Buprenorphine%3F-,Buprenorphine%20is%20a%20medication%20approved%20by%20the%20Food%20and%20Drug,%2Dassisted%20treatment%20(MAT). (Last Accessed April 8, 2022),

§ 853(e) conveys Congress' intent to authorize the restraint of tainted assets prior to trial, but not the restraint of substitute assets". *United States v. Jones*, 844 F.3d 636, 641 (7th Cir. 2016). As such, the Government has exceeded its authority under 21 U.S.C. § 853 and the proceeds should be immediately returned.

Even if the Government had a valid basis for seizure, the Government's seizure is contrary to the Supreme Court's decision in *Luis v. United States*, 578 U.S. 5 (2016). In *Luis*, the Supreme Court held that a pretrial freeze of untainted assets violates a defendant's Sixth Amendment right to counsel of choice. The court held that there is no dispute that the Sixth Amendment right to counsel is fundamental. *Id* at 11. The court further reiterated its holding that "given the necessarily close working relationship between lawyer and client, the need for confidence, and the critical importance of trust…the Sixth Amendment grants a defendant a fair opportunity to secure counsel of his own choice." *Id*. By seizing untainted assets pretrial, the Government in *Luis*, just as it has done here, undermined the value of the Sixth Amendment by "taking from Luis the ability to use the funds she needs to pay for her chosen attorney". Critical to the court's holding is the fact that the assets seized in *Luis* (and the assets seized here) are untainted. *Id*. at 12.

While proceeds strictly traceable to drug distributions that the government has probable cause to believe are criminal in nature is within the government's right. *Id*. at 13. The court used the Controlled Substances Act as a backdrop to its analysis stating that surely drugs like cocaine and other contraband, or loot, become forfeitable and property of the government the instant the crime is planned or committed. See e.g., 21 U.S.C. § 853(c). But the funds here, just as in *Luis* are not contraband, loot, or otherwise tainted. The funds were payments for medical services conducted by Dr. Whelan and have not been traced to illegitimate drug transactions found by a grand jury to be subject to indictment. Finally, the Court should similarly determine that any

competing interest in the Government being able to seize assets to preserve them for forfeiture is outweighed by Dr. Whelan's interest in securing counsel of choice. *Id* at 19.

### III. Dr. Whelan Is Entitled to a Hearing to Determine the Traceability of the Seized Funds

Dr. Whelan contends that tainted assets were unlawfully seized because the Government has no authorization to seize untainted assets pursuant to 21 U.S.C. § 881 and 21 U.S.C. § 853(e). As such, no hearing is necessary because the Government has exceeded its authority and an order returning assets pursuant to Fed. R. Crim. P. 41(g) is appropriate. However, should the Court determine that the assets were lawfully seized, a return is still appropriate under *Luis,* and a hearing is appropriate to determine the traceability of the seized assets.

### IV. Dr. Whelan Has Been Rendered Destitute

From 2019 to 2020, Dr. Whelan claimed approximately One Hundred Thirty-Eight Thousand Four Hundred Forty-Four Dollars ($138,440.00) in gross schedule C income from this practice. Importantly, the Government has not traced those funds to any unlawful conduct. Yet, the Government has seized One Hundred Thirty-Two Thousand Three Hundred Thirty-Eight Dollars and Forty-Two Cents ($132,338.42), two (2) vehicles estimated at Thirty-Five Thousand One Hundred Dollars ($35,100.00) in value, and placed a lien on the Green Bay residence, leaving Dr. Whelan with a lack of funds to proceed with representation of his choice.

Since the December 2020 raid, Dr. Whelan's fixed income is derived exclusively from the following sources:[3]

    a. Dividend Income:     $2,134.95
    b. Social Security Administration:   $34,662.40
    c. Wisconsin Retirement System:   $45,938.40
    **Total:**     **$82,735.75**

---

[3] Please note these are 2021 amounts, but the same are fixed and have only varied slightly since 2018.

This modest amount is used to cover Dr. Whelan's daily and living expenses, as well as support family, resulting in a lack of financial resources to conduct a defense investigation, afford adequate counsel, and ensure a fair contest of the facts guaranteed by the Sixth Amendment.

Moreover, after Dr. Whelan's two (2) vehicles were seized, he was left with one (1) 2003 Audi Sedan vehicle with approximately one hundred eighty thousand (180,000) miles that broke down soon after the raid and was since inoperable. As such, Dr. Whelan is left without any mode of transportation or funds to purchase substitute transportation. Finally, despite Dr. Whelan's desire to sell his Green Bay residence to pay for representation and living expenses, he is prohibited from doing so as the Government has placed a lien on this property.

As a result of the Government's pretrial forfeiture of Dr. Whelan's funds and assets, he has been left destitute and is unable to pay for continued representation of his choice.

## CONCLUSION

WHEREFORE Defendant, Dr. John Whelan, by and through his undersigned counsel, respectfully requests that this Court GRANT his motion and enter an order returning assets pursuant to Fed. R. Crim. P. 41(g), together with any other relief deemed necessary. Alternatively, if the Court determines that the assets were lawfully seized, Defendant requests the Court set a hearing to determine the traceability of the seized assets, pursuant to *Luis v. United States*, 578 U.S. 5 (2016).

|  |  |
|---|---|
|  | Respectfully Submitted, <br> CHAPMAN LAW GROUP |
| Dated: April 20, 2022 | /s/ *Ronald W. Chapman II, LL.M.* <br> Ronald W. Chapman II, LL.M. (MI Bar No. P73179) <br> *Counsel for Defendant John D Whelan* <br> 1441 W. Long Lake Rd., Ste. 310 <br> Troy, MI 48098 <br> T: (248) 644-6326/F: (248) 644-6324 <br> RWChapman@ChapmanLawGroup.com |